**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 11, 2018[*]
Decided May 21, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 17-3489

| | |
|---|---|
| LEE OTIES LOVE, JR., *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 17 C 5482 |
| SUPREME COURT OF ILLINOIS, et al., *Defendants-Appellees*. | Sharon Johnson Coleman, *Judge*. |

**O R D E R**

Upset that his daughter's mother has prevented him from seeing his daughter following the reinstatement of his visitation rights, Lee Oties Love, Jr., sued several state-court judges and the mother's attorney alleging that they racially discriminated against him in violation of his equal protection rights and that they conspired to commit

---

[*] We have agreed to decide the case without oral argument because the issues have been authoritatively decided. See FED. R. APP. P. 34(a)(2)(B). The appellee was not served with process in the district court and is not participating here.

treason, fraud, and judicial misconduct. Love first voluntarily dismissed his case, but later moved for reconsideration of that dismissal. The district court then dismissed Love's claims with prejudice for lack of jurisdiction.

On appeal Love repeats the equal-protection and judicial-misconduct claims that he raised in his initial complaint. But he does not develop any argument that would provide a basis to disturb the district court's jurisdictional basis for dismissal. See FED. R. APP. P. 28(a)(8). The district court's order does not explain the grounds for dismissal, but the judge stated clearly during both the initial hearing on Love's complaint and the hearing on his motion for reconsideration that she was dismissing the case because federal courts do not have jurisdiction over injuries arising from state-court matters. The *Rooker-Feldman* doctrine prevents federal district courts from exercising jurisdiction over cases brought by parties "complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); see *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923). Love's injuries were, according to him, caused by the judges' actions in domestic-relations proceedings in state court. Regardless, Love cannot seek reversal of a state-court judgment "simply by casting his complaint in the form of a federal civil rights action." *Schmitt v. Schmitt*, 324 F.3d 484, 486 (7th Cir. 2003) (quoting *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993)).

Love also adds new allegations on appeal that District Judge Coleman discriminated against him and committed judicial misconduct by dismissing his case. But the district judge—who showed admirable patience during both hearings—is not a defendant in this case, nor do adverse rulings constitute proof of judicial bias, *Thomas v. Reese*, 787 F.3d 845, 849 (7th Cir. 2015), let alone corruption.

We note, however, that a dismissal for lack of subject-matter jurisdiction must be without prejudice. See *Lennon v. City of Carmel, Indiana*, 865 F.3d 503, 509 (7th Cir. 2017). The judgment of the district court is therefore modified to show that the suit is dismissed without prejudice for lack of jurisdiction. As so modified, it is AFFIRMED.